UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

| | | |
|---|---|---|
| ARI ROSENZWEIG, | : | Civil Action No. _____ |
| | . | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | COMPLAINT FOR VIOLATIONS OF THE |
| EQUIFAX INFORMATION SERVICES, | . | FAIR CREDIT REPORTING ACT |
| LLC, TRANS UNION, LLC, BANK OF | : | |
| AMERICA, N.A., JPMORGAN CHASE | : | DEMAND FOR JURY TRIAL |
| BANK, N.A., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

———————————————————————

Plaintiff Ari Rosenzweig ("Plaintiff") brings this action on an individual basis for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory damages against defendants named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel and upon information and belief, as follows:

## NATURE OF THE ACTION

1.      Plaintiff suffered harm as a result of false and inaccurate information published by defendants Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("TransUnion"), consumer reporting agencies ("CRAs") as defined under 15 U.S.C. § 1681a(f) (collectively, "CRA Defendants").

2.      Through the publication of consumer background reports, as that term is defined by 15 U.S.C. § 1681a(d), CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown – including the reporting of Plaintiff's payment history with respect to credit cards issued by defendants Bank of America, N.A. ("BofA"), and JPMorgan Chase Bank, N.A. ("Chase") (collectively, "Furnisher Defendants").

3.      Despite receiving dispute letters from Plaintiff disputing the reporting of Plaintiff's payment history with Furnisher Defendants as inaccurate, both CRA Defendants and Furnisher Defendants (collectively, "Defendants"), willfully, intentionally, recklessly and/or negligently continued to report such inaccurate information and failed to, at a minimum, mark the accounts as disputed.

4.      Egregiously, CRA Defendants failed to delete the inaccurate information notwithstanding the fact that Plaintiff ***disputed the inaccuracies in writing*** via CRA Defendants' established mechanisms and procedures to dispute consumer credit information.

5.      Upon receipt of Plaintiff's dispute, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.  At a minimum, CRA Defendants were required to mark the status of the tradeline/account as disputed on the consumer's background report but failed to do so.

6.      Furnisher Defendants received notice from CRA Defendants that Plaintiff disputed the inaccuracies alleged herein on Plaintiff's consumer background report.  Furnisher Defendants failed to conduct a reasonable investigation with respect to the disputed information within 30 to 45 days and failed to mark the accounts as disputed.

7.      Defendants willfully, intentionally, recklessly and negligently failed to do any of the above actions in violation of the FCRA, § 1681 *et seq*. of Title 15 of the United States Code, including § 1681e(b), which obligated CRA Defendants to instate and follow reasonable procedures and policies to ensure maximum possible accuracy in consumer background reports.  CRA Defendants willfully, intentionally, recklessly and negligently violated § 1681i, which required them to perform a reasonable investigation to remove the inaccurate information after receiving Plaintiff's dispute letters.   After receiving notice of Plaintiff's dispute from CRA Defendants, Furnisher Defendants failed to conduct a reasonable investigation with respect to the disputed information in violation of § 1681s-2(b).

8.      Plaintiff brings this action in order to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' misconduct.  Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background report continues to affect Plaintiff's creditworthiness

and credit score.  As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy…"

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff

11.      Plaintiff Ari Rosenzweig is a resident of Brooklyn, NY, and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1681a(c) because he is an individual.

### Defendants

12.      Defendant Equifax Information Services, LLC is a consumer reporting that regularly conducts business in this judicial district.  Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207.  Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc.  Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

13.      Defendant Trans Union, LLC is a consumer reporting that regularly conducts business in this judicial district.  Defendant Trans Union, LLC has a principal place of business

located at 555 West Adams, Chicago, IL 60661, is registered to do business in the State of New

York, and may be served with process upon Prentice Hall Corp. Systems, Inc., its registered agent

for service of process at 80 State Street, Albany, NY 12207.  Defendant qualifies as a "consumer

reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed Plaintiff's

consumer background reports for remuneration to third parties.

14.     Defendant Bank of America, N.A. is a subsidiary of Bank of America Corp. – one of

the world's largest financial institutions with its investment banking division located in New York,

New York – serving individual consumers, small- and middle-market businesses, institutional

investors, large corporations and governments with a full range of banking, investing, asset

management and other financial and risk management products and services.  BofA offers products

to consumers and small businesses across the United States, including credit and debit cards.  In

addition to earning net interest spread revenue on its lending activities, BofA generates interchange

revenue from credit and debit card transactions, late fees, cash advance fees, annual credit card fees,

mortgage banking fee income and other miscellaneous fees.  Defendant BofA qualifies as a

"furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b), and has a principal

place of business located at 100 N. Tryon Street, Charlotte, NC 28255.

15.     Defendant JPMorgan Chase Bank, N.A. is a national banking association with

domestic branches in 27 states and the District of Columbia. Chase is headquartered in New York

and a wholly owned subsidiary of Defendant J.P. Morgan Chase & Co.  Chase offers products to

consumers and small businesses across the United States, including credit and debit cards.  In

addition to earning net interest spread revenue on its lending activities, Chase's debit and credit

cards combined sale volume exceeded $1 trillion – and its total consumer credit card portfolio

exceeded $1.1 trillion – for fiscal year 2018.  Defendant Chase qualifies as a "furnisher" of credit

information as that term is used in 15 U.S.C. § 1681s-2(b), and has a principal place of business

located at 270 Park Avenue, New York, NY 10017.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

16.     As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States

Code, which § 1681(a) states as follows:

> "The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.
>
> (Emphasis added).

17.     The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure

maximum possible accuracy of information when preparing consumer reports and to set up

reasonable policies procedures to maintain compliance with this minimum reporting standard; and

(ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to

appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and

any other parties in the distribution chain of the disputed inaccuracies.

18.     CRA Defendants compile, maintain, and report information concerning Plaintiff's

creditworthiness, credit-standing, credit capacity, character, and general reputation.     That

information is then made available for use by third parties in credit transactions involving

consumers, for employment purposes, the underwriting of insurance for consumers, and even the housing of consumers, as was the case here.  Plaintiff has a legally protected interest in CRA Defendants fulfilling their respective duties under the FCRA, so that the information reported and maintained by Defendants is done fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

19.     Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate, are required to conduct a reasonable investigation with respect to the disputed information.  When and if appropriate, furnishers are obligated to remove any inaccurate information following the performance of the reasonable investigation.  At a minimum, furnishers and CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background report.

**BofA**

20.     Upon information and belief, on a date better known to CRA Defendants, consumer background reports were issued by CRA Defendants concerning Plaintiff that included inaccurate information in connection with a BofA credit card account.

21.     CRA Defendants failed to accurately disclose Plaintiff's credit payment history.  On April 19, 2019, Plaintiff sent a letter notifying CRA Defendants that he disputed the accuracy of the CRAs reporting of his credit payment history, including the inaccurate reporting of late payments from May 2016 through November 2016.  Upon information and belief, CRA Defendants each notified Defendant BofA about Plaintiff's dispute.  Upon receipt of the dispute by CRA Defendants, Defendant BofA failed to conduct a reasonable investigation with respect to the disputed payment history and continued to report the disputed late payments on Plaintiff's consumer background report.

22.    Egregiously, Defendant BofA failed to mark the account as disputed in Plaintiff's consumer background reports issued by CRA Defendants.

**Chase**

23.    Upon information and belief, on a date better known to CRA Defendants, consumer background reports were issued by CRA Defendants concerning Plaintiff that included inaccurate information in connection with a Chase credit card account.

24.    CRA Defendants failed to accurately disclose Plaintiff's credit payment history.  On April 19, 2019, Plaintiff sent a letter notifying CRA Defendants that he disputed the accuracy of the CRAs reporting of his credit payment history, including the inaccurate reporting of late payments from July 2016 through October 2016.  Upon information and belief, CRA Defendants each notified Defendant Chase about Plaintiff's dispute.  Upon receipt of the dispute by CRA Defendants, Defendant Chase failed to conduct a reasonable investigation with respect to payment history and continued to report the disputed late payments on Plaintiff's consumer background report.

25.    Egregiously, Defendant Chase failed to mark the account as disputed in Plaintiff's consumer background reports issued by CRA Defendants.

**Plaintiff suffered harm from CRA Defendants' willful, intentional, reckless and/or negligent misconduct**

26.    CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

27.    The inaccurate information includes the nature of at least one of Plaintiff's tradelines/accounts as well as personal identifying information, including, but not limited to, Plaintiff's BofA credit card account and Chase credit card account.

28.     This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer and overall credit worthiness. After noticing the inaccuracies reported by CRA Defendants, Plaintiff disputed the inaccuracies in writing via CRA Defendants' established mechanisms and procedures to dispute consumer credit information.  Despite being placed on notice of the inaccuracies, CRA Defendants have sent Plaintiff correspondence indicating its intent to continue reporting the inaccurate information and the inaccurate information continues to be published in Plaintiff's consumer background report.

29.     Upon information and belief, CRA Defendants contacted Furnisher Defendants and notified them of the dispute.  As part of any reasonable or even rudimentary investigation or re-investigation, CRA Defendants should have then sent all the relevant evidence/facts to Furnisher Defendants and further contacted other third parties that would have been able to corroborate the facts averred in Plaintiff's dispute.  CRA Defendants could have also requested information from these companies, including credit applications and other relevant documents and things, or contacted Plaintiff to follow up with additional information requests.  CRA Defendants willfully, intentionally, recklessly and negligently failed to take any of these steps subsequent to Plaintiff's dispute, importantly, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

**CRA Defendants failed to maintain adequate policies and procedures**

30.     Defendant systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of information in the consumer background reports it publishes.

31.     Upon receipt of Plaintiff's dispute, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the

performance of the reasonable investigation.  At a minimum, CRA Defendants were required to mark the status of the tradeline/account as disputed on the consumer's background report, but failed to do so.

32.     CRA Defendants failed to take any of these steps in violation of the FCRA and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to his consumer background reputation and overall credit score, and by missing opportunities and denied the ability to procure additional credit.

## CAUSES OF ACTION

## COUNT I

**Against CRA Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

33.     Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

34.     The relevant subparts for FCRA claims under 15 U.S.C. § 1681e is 15 U.S.C. § 1681e(b). More specifically, 15 U.S.C. § 1681e(b) requires that:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

35.     Under 15 U.S.C. § 1681i, *inter alia*:

(a)     Reinvestigations of Disputed Information

(1)     Reinvestigation Required

> *In general*. …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(2) Prompt Notice of Dispute to Furnisher of Information

(A) *In general.* **Before the expiration of the 5-business-day period** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), **the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person**. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(Emphasis added).

36.     In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to insure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.  Plaintiff disputed the inaccurate information and still Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

37.     In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury and is, therefore, liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.  As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

**Against Furnisher Defendants for Violation of the FCRA, 15 U.S.C. § 1681s-2(b)**

38.     Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

39.     Under 15 U.S.C. § 1681s-2(b), *inter alia*:

After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) ***conduct an investigation with respect to disputed information***;

(B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; [and]

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

(Emphasis added).

40.     Furnisher Defendants failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice from CRA Defendants concerning Plaintiff's dispute. Furnisher Defendants have further willfully, intentionally, recklessly and/or negligently continued to report such inaccurate information to CRA Defendants, and have failed to, at a minimum, mark the above account as disputed.

41.     Instead of removing the inaccurate information, Furnisher Defendants improperly claim that the inaccurate information is verified and verified the inaccurate information to CRA Defendants in response to Plaintiff's dispute.

42.     Furnisher Defendants' conduct was a direct and proximate cause in causing the damages suffered by Plaintiff.  As a result of Furnisher Defendants' misconduct complained about herein, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

43.     As a result of Furnisher Defendants' misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A.      awarding Plaintiff statutory money damages, actual damages and punitive damages,

including pre-judgment and post-judgment interest;

B.      awarding attorneys' fees and costs, and other relief; and

C.      awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  May 31, 2019                          **COHEN & MIZRAHI LLP**
                                             EDWARD Y. KROUB


                                             /s/ Edward Y. Kroub
                                             EDWARD Y. KROUB

                                             DANIEL C. COHEN
                                             EDWARD Y. KROUB
                                             300 Cadman Plaza West, 12th Floor
                                             Brooklyn, NY  11201
                                             Telephone:  929/575-4175
                                             929/575-4195 (fax)
                                             dan@cml.legal
                                             edward@cml.legal

                                             *Attorneys for Plaintiff*